UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KERRY MAGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00132-JMS-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In 1993, Petitioner Kerry Magers pleaded guilty to murder in Indiana state court case number 71D02-9208-CF-00764. Mr. Magers now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained in this Order, Mr. Magers' petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice because it is time-barred. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

Mr. Magers murdered a taxicab driver on August 27, 1992. *Magers v. State*, 61 N.E.2d 323, 323-24 (Ind. 1993). After initially pleading not guilty by reason of insanity, Mr. Magers pleaded guilty to murder and received a fifty-five-year sentence. *Id.* He appealed his sentence, and the Indiana Supreme Court affirmed on September 28, 1993. *Id.* In Mr. Magers' habeas petition, he states he sought post-conviction relief in the St. Joseph Superior Court under cause number 71D02-2002-PC-000003 on February 4, 2020. Dkt. 2 at 2. The post-conviction court dismissed his post-conviction petition that same day. *Id.*

Mr. Magers filed the instant habeas petition on March 8, 2020, and the Court ordered him to show cause as to why it should not be dismissed as untimely. Dkt. 5.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

Mr. Magers' petition is subject to the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA,

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996.

*Wood v. Milyard*, 566 U.S. 463, 468 (2012). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Because Mr. Magers' conviction became final before the enactment of AEDPA, the one-year limitation period for him to file a habeas petition began on April 24, 1996, and expired on April 24, 1997. Mr. Magers did not file his petition for post-conviction relief until February 4, 2020, nearly twenty-four years after his statute of limitations for federal habeas had expired. Although the statute of limitations is tolled during the pendency of a petition for post-conviction relief, Mr. Magers' statute of limitations had already expired well before he sought post-conviction relief.

The Court takes judicial notice of the chronological case summary (CCS) for state court case number 71D02-0504-PC-000024 which indicates that Mr. Magers also filed a petition for post-conviction relief in St. Joseph Superior Court on April 22, 2005, which was denied on

November 25, 2009. The CCS does not include the underlying cause number, but because Mr. Magers had no prior criminal record, *see Magers*, 61 N.E.2d at 324, the petition likely was a challenge to the murder conviction. Even so, the 2005 state petition was also filed well after Mr. Magers' federal limitations period had expired. Mr. Magers' § 2254 petition is clearly time-barred.

Mr. Magers does not contend that he is entitled to equitable tolling on any basis. Therefore, his motion to show cause, dkt. [6], is **denied**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2).

Further, where a claim is resolved on procedural grounds (such as statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to § 2253(c)(2), the Court finds that no reasonable jurist would find it debatable "whether [this Court] was correct in its procedural ruling" that Mr. Magers' petition was filed beyond the expiration of the one-year statutory limitations period.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/31/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KERRY MAGERS
931175
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only